Douglas E. KAMPFER, Plaintiff–
Appellant,

v.

Andrew M. CUOMO (Governor, State
of New York), Defendant–
Appellee.

No. 14–110–cv.

United States Court of Appeals,
Second Circuit.

March 16, 2016.

Douglas E. Kampfer, pro se, Mayfield, NY, for Plaintiff–Appellant.

Claude S. Platton, Senior Assistant Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Defendant–Appellee.

PRESENT: CHESTER J. STRAUB, DENNY CHIN, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Douglas E. Kampfer, proceeding *pro se,* appeals a January 7, 2014 judgment of the United States District Court for the Northern District of New York dismissing Kampfer's various constitutional challenges to the New York Secure Ammunition and Firearms Enforcement Act of 2013 (the "SAFE Act") pursuant to Federal Rule of Civil Procedure 12(b)(6) and declining to exercise supplemental jurisdiction over his remaining state law claim. *See* 2013 N.Y. Sess. Laws 1 (McKinney) (codified as amended at scattered sections of N.Y. Penal Law). Kampfer alleges both a facial Second Amendment challenge to the SAFE Act's assault weapons restrictions and an equal protection challenge to its grandfather clause. He also moves for sanctions against counsel for defendant-appellee for stating, in a caption in an affidavit, that a motion was unopposed when it was opposed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 61 (2d Cir.2010).

Neither of Kampfer's constitutional challenges is persuasive. First, Kampfer's facial Second Amendment challenge is foreclosed by our decision in *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo* ("*NYSPRA* "), where we upheld the constitutionality of the SAFE Act's restrictions

on assault weapons. 804 F.3d 242, 261–63 (2d Cir.2015).

Second, Kampfer's equal protection challenge to the SAFE Act's grandfather clause also lacks merit. Kampfer contends that, because the SAFE Act provides exemptions for pre-existing owners of assault weapons, he has not been treated the same as those otherwise similarly situated individuals. *See id.* at 249 (describing SAFE Act's grandfather clause). This challenge is subject to rational basis review because the provision neither targets a suspect class, nor, for the reasons set forth in *NYSPRA,* 804 F.3d at 261–63, unconstitutionally burdens Second Amendment rights. *See Kwong v. Bloomberg,* 723 F.3d 160, 170 n. 19 (2d Cir.2013) (when statute "survives 'intermediate scrutiny,' and . . . does not involve a suspect classification . . . courts have applied 'rational basis' review to Equal Protection claims" (citation omitted)). Grandfather clauses are a long-accepted legislative tool for mitigating the effect of new regulations on persons who have relied on existing law. *See City of New Orleans v. Dukes,* 427 U.S. 297, 304–05, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Here, the grandfather clause seeks to mitigate the effects of the SAFE Act on pre-existing owners, and was not irrational.

We have reviewed Kampfer's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court, and Kampfer's motion for sanctions is denied.